## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| MICHELE JOHNSON, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>UHS MIDWEST CENTER FOR YOUTH )<br>AND FAMILIES, LLC, )<br>  Defendant. ) | CAUSE NO.: 2:13-CV-149-JTM-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to File Document Under Seal [DE 26], filed on July 15, 2014. Defendant has not filed a response, and the time to do so has passed.

In the motion, Plaintiff asks for approval to file under seal a motion to enforce settlement and all the exhibits thereto pursuant to Northern District of Indiana Local Rule 5-3(c). Plaintiff acknowledges that, currently, there is no statute, rule, or order providing for sealed filings in this case. Plaintiff represents that, in accordance with the terms of the Settlement Agreement, Plaintiff is required to and seeks to maintain the confidentiality of the agreement and, thus, seeks to file the documents under seal with the Court. Plaintiff has not attached a sealed copy of the Settlement Agreement or the exhibits to the instant motion for the Court's review.

Northern District of Indiana Local Rule 5-3 provides, "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The Seventh Circuit Court of Appeals has held that, although there is a general presumption that judicial records are public, that presumption "can be overridden" by "the property and privacy interests of the litigants . . . if the latter interests predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also Trane U.S., Inc. v. Plazek*, 1:09-CV-338, 2011 U.S. Dist. LEXIS 141864 (N.D. Ill. Dec. 9, 2011)). The Seventh Circuit Court of Appeals has taken a strict position regarding

requests to seal documents from the public record. "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *See Citizens First*, 178 F.3d at 945; *see also, e.g., Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). In *Hicklin*, the Seventh Circuit Court of Appeals reminded that it has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence. This means that both judicial opinions and litigants' briefs must be in the public record, if necessary in parallel versions–one full version containing all details, and another redacted version with confidential information omitted." 439 F.3d at 348 (internal citations omitted).

Notwithstanding an agreement of parties to seal documents, the decision of whether good cause exists to file a document under seal rests solely with the Court. *See Citizens First Nat'l Bank*, 178 F.3d at 945 ("The determination of good cause cannot be eluded by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal."). Good cause may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information. *See Baxter Int'l*, 297 F.3d at 546; *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV01221, 2008 WL 4722336, at *9-10 (E.D. Wis. Oct. 24, 2008). Trade secrets are defined as any information that derives economic and competitive value from not generally being known and is subjected to reasonable efforts to maintain its secrecy. *See Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 247-48 (S.D. Ind. 2001). Documents are covered by the attorney-client privilege when they contain communications that have been made in confidence between

a lawyer and a client or the client's representative, in connection with the provision of legal services. *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007).

In this case, Plaintiff has shown good cause for filing under seal the Settlement Agreement itself, based on the purported provisions of the Settlement Agreement. However, Plaintiff has offered no argument and, thus, has not shown good cause for filing under seal either a motion to enforce settlement agreement itself or the exhibits thereto. Generally, a motion to enforce settlement agreement must be filed on the public docket, with redactions, if necessary. Other than the Settlement Agreement, Plaintiff has not identified what other exhibits will be attached to the motion and why they should be maintained under seal.

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part without prejudice** Plaintiff's Motion to File Document Under Seal [DE 26], granting Plaintiff leave to file under seal the Settlement Agreement but denying without prejudice and with leave to refile the request to file under seal the motion to enforce settlement agreement and its exhibits.

SO ORDERED this 20th day of August, 2014.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES MAGISTRATE JUDGE

cc:      All counsel of record